## 13476.  GEORGIA RAILWAY & POWER COMPANY *v.* JENKINS.

1. Where in a suit for damages injury to the plaintiff's left arm was alleged, and it appeared from his testimony that his right arm was injured, and thereupon his counsel were allowed to amend by alleging injury to the right instead of the left arm, it was not error requiring a reversal that the court overruled a motion to continue the case because of surprise by the amendment.

2. Testimony that the motorman of the street-car, just after the collision in question, inquired of the witness if there was a man under the automobile, was admissible as part of the res gestæ.

3. Where in charging the jury the court stated the allegations as set forth in the petition, and informed the jury that this was what the

plaintiff contended, and that it was not evidence, and then stated the defendant's contention, the instructions were not subject to the objection that they were erroneous and inapplicable to the issues made, and that they submitted issues as to which there was no evidence and which were not involved in the case.

4. When the charge to the jury is read as a whole, the other exceptions thereto are not meritorious.

5. Where the court in the charge as given substantially presented the principle of a requested instruction, it is not ground for reversal that the instruction was not given as requested.

6. The charge to the jury was full and fair; and the verdict having been approved by the trial judge, it was not error to overrule the motion for a new trial.

DECIDED JUNE 13, 1922.

Action for damages; from Fulton superior court — Judge Ellis. February 17, 1922.

*Colquitt & Conyers,* for plaintiff in error.

*John T. Dennis, E. C. Buchanan,* contra.

LUKE, J. Error is assigned because the court overruled a motion to continue the case. It appears that after the trial of the case had begun the plaintiff testified that his right arm was permanently injured by the defendant in the collision for which he was suing. The defendant moved to rule out this testimony, on the ground that there was no allegation in the petition of any injury to the right arm. The plaintiff thereupon offered and the court allowed an amendment striking from the petition the allegation of injury to the left arm, and inserting an allegation of injury to the right arm. Sole counsel for the defendant moved to continue the case, stating in his place as a lawyer that the investigation and preparation of the case had disclosed no injury to plaintiff's left arm, that the investigation had not covered the right arm, and that he was less able to go on with the trial by reason of the amendment, that he was surprised by the amendment, and that the motion to continue was not made for the purpose of delay. We cannot say that it is reversible error to have overruled this motion. The evidence shows other injuries; and in fact the gravamen of the defendant's case was that it was not liable for any of the injuries.

2. It is alleged that the court erred "in allowing in evidence, over the objection of the defendant, the following testimony of the witness Cassiday in testifying for the plaintiff, to wit: Q. 'When you came up there to where the collision occurred, what did the

motorman say?' A. 'He asked me is there a man under there? Is there a man under there sure enough? Under the automobile?'" The defendant objected to this evidence upon the ground that it was hearsay. The record shows that this question was asked immediately after the alleged collision, and does not fall within the rule of hearsay evidence, and was a part of the res gestæ. In fact, it was asked by the motorman in charge of the street-car, about the injured plaintiff, in ascertaining where the injured man was.

3. Grounds 7, 8, and 9 of the motion for new trial aver that the instructions of the court therein referred to were erroneous and were inapplicable to the issues made in the case, and submitted issues to the jury as to which there was no evidence and which were not involved in the case. An examination of the charge shows that the court was either reading from or stating exactly the allegations of the plaintiff's petition. At the conclusion of such statement of plaintiff's allegations the court said to the jury: " As I have said before, this is plaintiff's petition; that is what he says about it in writing. You will have it out with you, and you can read it and see with more particularity than the court has given you what he claims and contends for. You will understand that all I have said is as to plaintiff's contention, and you will understand that petition is not evidence." Following this the court stated the contention of the defendant. We see no merit in these grounds of the motion for a new trial.

4. Grounds 10, 11, 12, and 13 of the motion for new trial, when the charge of the court is read in its entirety, present no meritorious grounds of error.

5. The assignment of error in ground 14 upon the court's refusal to charge that " If plaintiff was on the private way of the defendant, and not upon a street crossing, when the collision with his automobile occurred, then the jury should find for the defendant," is not reversible error, for the court substantially charged the principle requested.

6. The charge of the court was full and fair, and the defendant had a legal trial of the case. Upon conflicting evidence the jury were authorized to return a verdict in favor of the plaintiff, the trial judge approved the verdict, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*